**Richard Lee TURNER, Movant-Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 9229.**

Missouri Court of Appeals,
Springfield District.

March 23, 1973.

Motion for Rehearing or to Transfer to Supreme Court was Denied April 6, 1973.

Jerry L. Redfern, Springfield, for movant-appellant.

John C. Danforth, Atty. Gen., G. Michael O'Neal, Asst. Atty. Gen., Jefferson City, for respondent.

ROBERT LEE CAMPBELL, Special Judge.

Appellant filed a motion pursuant to Rule 27.26, V.A.M.R., which was denied, and appellant (hereinafter referred to as movant) appeals.

At the outset, this court wishes to highly compliment Mr. Jerry L. Redfern, the attorney appointed to represent movant, for his extremely capable representation of movant both in the trial court and on appeal. Mr. Redfern has very ably briefed and argued movant's case on appeal.

Movant raises four points on appeal consisting of (1) movant's plea of guilty was involuntarily rendered, (2) movant had ineffective assistance of counsel, (3) the trial court erred in not inquiring as to movant's mental background, and (4) movant was denied right to counsel with respect to a police line-up. The trial court properly held an evidentiary hearing and ruled all points on appeal against movant

in an excellent opinion containing detailed Findings of Facts and Conclusions of Law in connection therewith.

With respect to movant's contention that he had "ineffective assistance of counsel," a review of the record discloses that movant was very ably represented by counsel prior to and at the time of the plea of guilty herein involved. Movant's contention in this respect is totally without merit.

■ With respect to movant's contention that the trial court erred in not inquiring into his mental background prior to accepting his plea of guilty, there simply was no evidence or even an inference thereof which would warrant an investigation by the trial court in this respect. The testimony discloses that movant at no time requested to see a doctor, only asked for aspirin, had never seen a psychiatrist, and that his only emotional strain was that he entered a plea of guilty because "it's better than the gas chamber for a possible murder." The finding of the trial court that "[m]ovant offered no evidence that he has or has ever had any mental disease or defect," is entirely proper on the basis of the record before the court. See McClure v. State, 470 S.W.2d 548 (Mo.1971).

■ Movant's contentions with respect to an illegal pre-trial line-up were waived by the entry of a plea of guilty by movant in this case. McClure v. State, supra, 470 S.W.2d at 557.

■■ We now reach the argument very ably presented by movant's attorney that movant's plea of guilty was involuntary. Movant contends that this is a two-out-of-three case. Movant ably argues that Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274, 279 [7] (1969), requires that movant be advised with respect to his right against self-incrimination and his right to confront his accusers. At the time of movant's plea of guilty, the trial court did not question movant about these rights. In a motion filed pursuant to Rule

27.26, movant has the burden of proof. Movant has totally failed to sustain this burden of proof. The record discloses that movant has had four prior convictions. One who has been to the well four times cannot now complain that he does not know how to draw water. This court concurs with the finding of the trial court wherein the court found that "[m]ovant admits to five felony convictions and he certainly knew from prior experience that the sentence for 'armed robbery', under the circumstances here, would be a long one."

Movant seems to imply that the Boykin case holds that a plea of guilty entered by a defendant without certain questions being asked would invalidate the plea of guilty. This is not correct. In this case, at the trial on the motion 27.26 herein involved, movant admitted to the court that at the time of the plea of guilty he fully understood that he had a right to a trial by jury and that he had a right to confront his accusers. It would be ridiculous for this appellate court to hold that a plea of guilty should be reversed, set aside, and held for naught, because the trial court failed to ask questions of a defendant when at a later hearing the defendant fully admits that he already knew the answers thereto. Flood v. State, 476 S.W.2d 529 (Mo.1972).

This court has not overlooked movant's contentions in the argument portion of his brief that his plea was involuntarily entered through fear of a charge of murder being placed against him and because of numerous newspaper articles introduced into evidence relating to a "rash of robberies, armed robberies, things of this nature." The trial court found that the last such newspaper article appeared on September 17, 1970, and that movant did not enter his plea of guilty until November 13, 1970.

The trial court found that movant's plea was voluntarily entered.

■■ The findings and conclusions of the trial court should not be disturbed un-

less clearly erroneous. Crosswhite v. State, 426 S.W.2d 67 (Mo.1968). The findings and conclusions of the trial court in this case are correct. The judgment is affirmed.

TITUS, C. J., HOGAN and BILLINGS, JJ., and PAUL E. CARVER, Special Judge, concur.

STONE, J., not sitting.